

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-15-00159-CR

LUIS ARRIETA, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 76th District Court
Titus County, Texas
Trial Court No. 19,168

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

## MEMORANDUM OPINION

Luis Arrieta attempts to appeal his conviction for burglary of a habitation. This Court is without jurisdiction to consider Arrieta's appeal because Arrieta had no right of appeal due to his plea agreement with the State. Moreover, Arrieta waived any right of appeal he might have otherwise had and has not obtained the trial court's permission to appeal.

The trial court's certification of right of appeal filed in this matter shows that this was a plea-agreement case in which Arrieta had no general right of appeal. The Texas Legislature has granted a very limited right of appeal in plea-agreement cases. Rule 25.2 of the Texas Rules of Appellate Procedure details that right as follows:

> (2) . . . . In a plea-bargain case—that is, a case in which a defendant's plea was guilty or nolo contendere and the punishment did not exceed the punishment recommended by the prosecutor and agreed to by the defendant—a defendant may appeal only:
> (A) those matters that were raised by written motion filed and ruled on before trial, or
> (B) after getting the trial court's permission to appeal.

TEX. R. APP. P. 25.2(a)(2). The appellate record filed in this matter contains no written motions filed by Arrieta and ruled on before trial. Further, there is no indication in the record that Arrieta obtained the trial court's permission to appeal. To the contrary, the trial court's certification indicates that Arrieta has no right of appeal. Pursuant to Rule 25.2(d) of the Texas Rules of Appellate Procedure, this Court is required to dismiss an appeal if, as in this case, the trial court's certification indicates no right of appeal. *See* TEX. R. APP. P. 25.2(d). Because this was a plea-agreement case in which the assessed punishment did not exceed the agreed-upon punishment recommendation, Arrieta had no right of appeal from this conviction.

2

Finally, even if Arrieta had a right of appeal notwithstanding the foregoing, the trial court's certification detailing the status of Arrieta's appellate rights indicates that he voluntarily waived that right. Arrieta's signed waiver of the right of appeal is also on file in the clerk's record.

On October 16, 2015, we informed Arrieta of the apparent defect in our jurisdiction over his appeal and afforded him the opportunity to respond and, if possible, to cure such defect. Arrieta did not respond to our letter.

Because Arrieta's plea agreement prevents an appeal and because the trial court's certification correctly indicates that Arrieta is without a right of appeal, we dismiss this appeal for want of jurisdiction.

Josh R. Morriss, III
Chief Justice

Date Submitted:     November 24, 2015
Date Decided:       November 25, 2015

Do Not Publish

3